IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS,**

      **Plaintiff,**

      v.                                                CASE NO.  22-3241-JWL-JPO

**CRAIG IVAN GILBERT,**

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by the defendant in a criminal case that was previously pending in state court.  Because the defendant, Craig Ivan Gilbert, has failed to show any grounds for removal or that removal is proper in a closed case, this matter is dismissed.

Mr. Gilbert filed this "Notice of Removal," purporting to remove a closed criminal case from the Ford County District Court.  (Doc. 1.)  Mr. Gilbert fails to provide a full case number and only provides that it is a closed criminal DUI case from "1995 or 1996." *Id*.

Under 28 U.S.C. § 1443, a state criminal defendant may remove a state criminal case to a federal district court if the defendant "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(a).  "To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings." *Massachusetts v. Libertad*, Civ. Action No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecutions where defendant is denied equal civil rights)).  In addition, the

removal of state-court civil or criminal actions to federal court is permissible where the action is against a federal officer, *see* 28 U.S.C. § 1442, or a member of the armed forces, *see* 28 U.S.C. § 1442a.

Mr. Gilbert has failed to state any grounds for removal.  Section 1455 requires a notice of removal of criminal prosecutions to "include all grounds for such removal" and provides that "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds."  28 U.S.C. § 1455(b)(2).

Mr. Gilbert has pointed to no authority for the proposition that removal of a closed criminal case is proper.  The procedure for removal of criminal prosecutions is set forth in 28 U.S.C. § 1455, and provides that:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1).  "Critically, the foregoing statute refers to criminal 'prosecutions,' consistent with the notion that the point of removal is to have the trial go forward in federal, rather than state, court."  *Miller v. Louisiana*, Civil Action No. 18-14251, 2019 WL 1293273, at *2 (E.D. La. March 1, 2019), *adopted*, 2019 WL 1277522 (E.D. La. March 20, 2019).  "That is reflected in the requirement that a notice of removal must generally be filed no later than thirty days after the arraignment in state court."  *Id*.

"[T]he statute clearly does not contemplate removal of a case *after* conviction."  *Id*. (emphasis in original) (citing *Smith-El v. Louisiana*, Civ. Action No. 16-cv-1310, 2016 WL 8900203, at *1 (W.D. La. Sept. 27, 2016), *adopted*, 2017 WL 1821111 (W.D. La. May 3, 2017); *see also Barber v. Vance*, Case No. 3:16-cv-2105, 2019 WL 267874, at *2 (D. Ore. Jan. 18,

2019) ("[Plaintiff's] criminal case is finished at the state trial court level and removal to this trial court is improper after the case is closed (and untimely, because he would have needed to file a petition of removal within 30 days of his arraignment, *see* 28 U.S.C. § 1455(b)(1) )".); 8A Fed. Proc, L.Ed. § 22:59 ("The general rule is that a criminal prosecution can be removed from a state to a federal court only after indictment and before trial.")); *see also New Hampshire v. Woodham*, Case No. 21-cr-128-JL, 2022 WL 1432069, at *2 (D. N.H. April 6, 2022), *adopted*, 2022 WL 1423608 (D. N.H. May 4, 2022) ("A state court criminal defendant may remove a state court 'criminal prosecution[ ]' to federal district court in the district 'within which such prosecution is pending.'"); *Colombo v. Cty. of Suffolk*, 2010 WL 1459196, at *1 (E.D.N.Y. April 8, 2010) (noting that the court denied plaintiff's application to remove her closed criminal action, finding no good cause to extend the deadline to remove a criminal action and that the underlying criminal prosecution had concluded, leaving no action to remove).

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Therefore, dismissal is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated October 14, 2022, in Kansas City, Kansas.**

> S/  John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE